AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

## UNITED STATES DISTRICT COURT
for the
District of New Mexico

APR 27 2023

**MITCHELL R. ELFERS**
**CLERK OF COURT**

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
Approximately $23,533 in U.S. Currency )
)
)

Case No. 23-893 MR

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE
## BY TELEPHONE OR OTHER RELIABLE
## ELECTRONIC MEANS

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of _____New Mexico_____ is subject to forfeiture to the United States of America under ___21___ U.S.C. § 881(a)(6). *(describe the property):*

Approximately $23,533 in U.S. Currency seized by the Otero County Narcotics Enforcement Unit on March 15, 2023, from Jeremy Dean Smith in Alamogordo, New Mexico.

The application is based on these facts:

See Attachment A, which is attached and fully incorporated herein, by reference.

☑ Continued on the attached sheet.

MOISES RUIZ (Affiliate)  Digitally signed by MOISES RUIZ (Affiliate)
Date: 2023.04.27 12:27:57 -06'00'

*Applicant's signature*

Moises Ruiz, DEA Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ (specify reliable electronic means).

Date: 27 April 2023

*Judge's signature*

City and state: Las Cruces, New Mexico

Damian L. Martinez, United States Magistrate Judge
*Printed name and title*

**ATTACHMENT A**
**AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT**

I, Moises Ruiz, a Task Force Officer with the Drug Enforcement Administration (DEA), being duly sworn, deposes and states the following:

1.  I am full time salaried certified commissioned peace officer in the State of New Mexico (NM) and is currently employed by the Third Judicial District Attorney's Office in Doña Ana County, NM, as an Agent. I am currently assigned to the DEA as a Task Force Officer and I have over 14 years of law enforcement experience. I am a "deputized federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. .

2.  During my time as a DEA Task Force Officer, I have conducted numerous criminal investigations concerning violations of the Controlled Substances Act, and have received ongoing training in conducting such investigations.

3.  My experience as a drug agent includes, but is not limited to, conducting physical surveillance, interviewing witnesses, writing affidavits for and executing search warrants, working with undercover agents and informants, analyzing phone toll and financial records, and analyzing data derived from the use of pen registers, trap and traces, and court-authorized wiretaps.

4.  I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other agents of the DEA, state and local agents, and from my review of records and reports relating to the investigation.

5.  This affidavit is submitted in support of a seizure warrant for approximately $23,533 (pending official count) in United States Currency which is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). The approximately $23,533 in U.S Currency is currently in the custody of the

Twelve Judicial District Court in Alamogordo, NM.

6. On March 15, 2023, at approximately 1:03 pm, officers with the Otero County Sheriff's Office (OCSO) observed Jeremy Dean Smith at the White Sands Mall parking lot, located at 3199 N. White Sands Blvd, Alamogordo, New Mexico. Officers were aware of Smith's identity through previous encounters and Smith is known to officers as an illegal narcotics/controlled substance dealer. Through the officers' training and experience, the officers observed Smith conduct what appeared to be a transaction of illegal narcotics, with two separate vehicles.

7. Officers observed a blue passenger car operated by a female park by Smith and observed her approach Smith, who was on his motorcycle. Officers observed Smith take a small item out of his black backpack and hand it to the female. Officers observed the female hand Smith money, and Smith placed the money in his left rear pocket. Officers observed the female enter her vehicle and drive away.

8. Subsequently, once the blue car drove away, officers observed a small dark colored passenger car approach Smith, who was still on his motorcycle. A female exited the driver's seat of the second vehicle and walked around the passenger side where Smith was parked. Officers observed Smith place what looked like a scale on the front area of the motorcycle. Officers observed Smith reach into his black backpack and remove an item, and place it on the scale. Officers observed the female remove a red backpack from inside the same black backpack in Smith's possession. Officers observed Smith hand the female the items that Smith placed on top of the scale. Officers observed the female give Smith money, followed by Smith placing the money in his left rear pocket. Following the aforementioned transaction, officers observed the female place the red back pack into the passenger seat of her vehicle. Subsequently, Smith and the small dark passenger car departed the mall.

9.  Officers notified marked patrol units to conduct a traffic stop on Smith, who also exited the area on his motorcycle. Marked units engaged their emergency lights, but Smith failed to yield. Smith then crashed the motorcycle at the intersection of Battersby and Basset Street, in Alamogordo. After the wreck, Smith attempted to evade arrest and fled on foot. As officers pursued Smith, officers observed a firearm in Smith left hand. Officers then observed Smith lose his balance, fall, and throw the firearm near a cactus. While Smith was on the ground, officers were able to restrain him, and place him under arrest. Officers then retrieved the gun that Smith threw, and the gun was identified as a Black Glock, Model 44.

10. Once in handcuffs, officers read Smith his *Miranda* rights. Smith acknowledged his rights, and agreed to speak with officers. Smith advised officers that there was approximately one-half pound of methamphetamine inside the backpack. During a search of the backpack incident to arrest, officers located multiple small baggies containing a white crystalline substance consistent with methamphetamine. Officers also found several baggies of multi-colored pills, consistent with fake fentanyl pills. The suspected methamphetamine was field-tested and tested positive for methamphetamine. The suspected fentanyl was sent directly to a lab for analysis, but based on my training and experience, I have probable cause to believe the pills are fake fentanyl pills, commonly known as "confetti pills," or "rainbow pills," containing the same active ingredient as true fentanyl pills. Smith was also in possession of a large amount of United States currency, in various denominations. Based on my training and experience, I know firearms and large amounts of cash in close proximity to illegal narcotics, are consistent with drug trafficking. With respect to firearms, in particular, I know drug traffickers commonly carry firearms to protect themselves and their drugs from rival drug dealers and others who might want to steal the narcotics.

11. The Officers transported and weighed the narcotics at the OCNEU Station. The total gross weight of the methamphetamine was approximately 449.6 grams. The total gross weight of the fentanyl was approximately 469.1 grams. Based on my training and experience, the method of concealment, the multiple baggies containing methamphetamine and fentanyl, the scales, and empty baggies are consistent with narcotic distribution and trafficking. Through my training and experience, I know that poly-drug traffickers, often have multiple types of narcotics in their possession.

12. Approximately $23,533 of U.S. currency was seized by the OCNEU and secured for safekeeping at the Twelve Judicial District Court in Alamogordo, NM. Based on my knowledge, experience, training, and the facts set forth above, I believe the U.S. Currency found on Smith are proceeds from the sale of fentanyl pills and methamphetamine.

13. United States Code, Title 21, Section 881(a)(6) authorizes the forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

14. Based on the aforementioned facts, there is probable cause to believe the U.S. Currency seized on March 15, 2023, from Smith are proceeds from the sale of a controlled substance, in violation of 21 U.S.C. § 841. Accordingly, pursuant to Title 21 U.S.C. § 881(a)(6), I seek a warrant for the seizure of the United States Currency in the amount of approximately $23,533.

MOISES RUIZ
(Affiliate)

Digitally signed by MOISES
RUIZ (Affiliate)
Date: 2023.04.27 12:38.08
-06'00'

Moises Ruiz, Task Force Officer
Drug Enforcement Administration

Electronically submitted
and telephonically sworn to before me
on this _Z7TH_ day of April 2023.


DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE